IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| LEGENA M. BROWN, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 4:25-cv-41-CDL-AGH |
| MARSHA STARLING, *et al.*, | : | |
| Defendants. | : | |

# ORDER

On May 20, 2025, the Court held a hearing at which it ruled on certain pending motions, set a schedule for briefing, and attempted to clarify the claims raised in the complaint. As explained at the hearing and below, Defendant Kimble's motion to set aside his default (ECF No. 32) is granted and Plaintiff's motion for default judgment against Defendant Kimble (ECF No. 33) is consequently denied. Further, the Court clarified with Defendants that they requested a discovery stay pending an order on their motions to dismiss. The Court granted that request as further discussed below. Finally, at the hearing, the Court attempted to clarify the claims raised in the complaint. Plaintiff filed a motion after the hearing seeking to "dismiss" representations in Court. The Court grants that motion (ECF No. 43), as explained below.

Defendant Kimble's Default and Plaintiff's Motion for Default Judgment

At the hearing, over the objection of Plaintiff, the Court found good cause for setting aside the default against Defendant Kimble. As explained by the Court,

Defendant Kimble submitted the U.S. Postal Service receipt showing delivery was expected on March 20, 2025, the date on which his answer or other responsive pleading was due.  *See* Kimble Mot. to Set Aside Default Ex. B, at 2, ECF No. 32-2.  Moreover, because Defendant Kimble responded to Plaintiff's complaint via mail, he would have had an additional three days within which to respond under Federal Rules of Civil Procedure Rule 6(d).  Consequently, Defendant Kimble's motion to set aside default (ECF No. 32) is **GRANTED**.  Because there is no longer a default against Defendant Kimble, Plaintiff's motion for default judgment against Defendant Kimble (ECF No. 33) is **DENIED**.

<u>Briefing Schedule and Plaintiff's Motion for Extension of Time</u>

The Court set forth the following briefing schedule at the discovery hearing:

Motions to dismiss, or amendments to previously filed motions to dismiss (ECF Nos. 21, 22, 28), are due June 6, 2025.  Plaintiff shall have twenty-one days from the date of filing of a motion to dismiss, or amended motion to dismiss, to file any desired response.  Thereafter, Defendants shall have fourteen days from the filing of Plaintiff's response to file any desired reply.

As Plaintiff was reminded at the hearing, there is no need for Plaintiff to attach any evidence which is already in the record, as she may incorporate such evidence by reference.  Because the Court sets forth the above briefing schedule, Plaintiff's motion for an extension of time (ECF No. 35) to respond to the currently pending motions to dismiss (ECF Nos. 21, 22, 28) is **GRANTED**, and Defendant Smith's consent motion thereto (ECF No. 34) is **terminated**.

### Plaintiff's Emergency Motion to Dismiss In-Court Statements

The same day as the Court's discovery hearing, Plaintiff filed an "Emergency Motion to Dismiss Statements Made in Court" in which she seeks to "clarify" her in-court statements (ECF No. 43).  During the hearing, Plaintiff unequivocally stated that she was proceeding only under 42 U.S.C. § 1983, and that she did not seek to assert state law claims, including for defamation.  The Court asked her several times if she intended only to proceed under § 1983, and in response Plaintiff clearly and explicitly stated that she intended only to proceed under § 1983, and that she did not intend to assert state law claims.  Any confusion the Court—or Defendants—may have has now been created by Plaintiff filing a motion which seeks to proceed on the exact opposite path from the one Plaintiff clearly stated in court.  Nevertheless, giving Plaintiff the benefit of the doubt, and because she is proceeding *pro se*, the Court feels constrained to grant the relief sought by Plaintiff.  Plaintiff's emergency motion to dismiss her in-court statements (ECF No. 43) is **GRANTED** and Plaintiff's state law claims, to the extent that she asserts any, shall proceed.

### Staying Discovery

The parties timely submitted a proposed Rules 16/26 Order that set forth discovery deadlines.  That proposed order is not adopted at this time as the Court finds it appropriate to stay discovery pending the resolution of Defendants' motions to dismiss.  Consequently, discovery is **STAYED** pending further resolution of said motions.  Should this case proceed for further factual development following said resolution, the Court will enter an order governing discovery deadlines.

**SO ORDERED**, this 27th day of May, 2025.

                                             s/ *Amelia G. Helmick*
                                          UNITED STATES MAGISTRATE JUDGE